1    JAMES C. OTTESON, State Bar No. 157781
     jim@agilityiplaw.com
2    BRANDON BAUM, State Bar No. 121318
     brandon@agilityiplaw.com
3    DAVID L. LANSKY, State Bar No. 199952
     dlansky@agilityiplaw.com
4
     AGILITY IP LAW, LLP
5    149 Commonwealth Drive
     Menlo Park, CA 94025
6    Telephone:  (650) 227-4800
     Facsimile:   (650) 318-3483
7
     Attorneys for Defendants
8    ROBOCOG INC. D/B/A/
     HIRINGSOLVED, and SHON BURTON
9

10              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
11

12   LINKEDIN CORPORATION,              )    Case No.  C14-00068 (BLF)
                                        )
13                   Plaintiff,         )
                                        )    **DEFENDANTS ROBOCOG INC. D/B/A/**
14          v.                          )    **HIRINGSOLVED AND SHON**
                                        )    **BURTON'S ANSWER TO FIRST**
15   ROBOCOG INC. D/B/A/ HIRINGSOLVED   )    **AMENDED COMPLAINT**
     AND SHON BURTON,                   )
16                                      )    **JURY TRIAL DEMANDED**
                     Defendants.        )
17   _____)    Honorable Beth Labson Freeman

18

19

20

21

22

23

24

25

26

27

28

1    Defendants Robocog Inc. d/b/a/ HiringSolved and Shon Burton answer the allegations

2 made by plaintiff  LinkedIn Corporation ("LinkedIn") in the First Amended Complaint for: (1)

3 Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*; (2) Violation of the

4 California Penal Code § 502; (3) Violation of the Digital Millennium Copyright Act, 17 U.S.C.

5 §§ 1201 *et seq.*; (4) Breach of Contract; (5) Trespass; and (6) Misappropriation (the "First

6 Amended Complaint") as follows:

7    1.    HiringSolved and Mr. Burton admit that LinkedIn allows its members to create,

8 manage and share their professional histories and interests online.  HiringSolved and Mr. Burton

9 lack knowledge or information sufficient to form a belief as to the truth of the remaining

10 allegations of paragraph 1 and, therefore, deny the same.

11    2.    HiringSolved and Mr. Burton admit that HiringSolved was founded by Mr.

12 Burton and that HiringSolved's business relates to recruiting.  HiringSolved is a software product

13 specializing in talent search and data aggregation, and HiringSolved also sells access to its

14 software and search engine index.  HiringSolved and Mr. Burton further admit that HiringSolved

15 used various automated software programs (often referred to as "bots") to register LinkedIn

16 member accounts and that HiringSolved copied data from many member profile pages, a process

17 sometimes referred to as data "scraping."  HiringSolved and Mr. Burton deny the implication

18 that HiringSolved has been engaged in this process continuously since May 2013 and deny that

19 HiringSolved or Mr. Burton engaged in any unlawful conduct.  HiringSolved and Mr. Burton

20 further deny that they registered any "fake" LinkedIn accounts, as all accounts registered were

21 actual LinkedIn accounts, though some were registered under pseudonyms.  LinkedIn is designed

22 to allow the creation of free accounts with minimal profile information and allows members to

23 use such accounts to browse profile data, which is one method HiringSolved used to collect data.

24 HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 2.

25    3.    HiringSolved and Mr. Burton admit that HiringSolved's business model includes

26 "crawl[ing] the web" – automatically and systematically searching the Internet – to identify

27 prospective job candidates.  HiringSolved and Mr. Burton further admit that, as a result of

28 crawling and scraping, the HiringSolved website includes excerpts of profile data of LinkedIn

1  users, as well as profile data from a variety of other sources, aggregated and combined to

2  transform the data into a more complete profile of any particular candidate.  HiringSolved and

3  Mr. Burton admit that the composite profiles contain explicit references to LinkedIn as the

4  source of the profile data, as well as to any other sources of data, and that HiringSolved has not

5  attempted to conceal such attributions.  In fact HiringSolved, purposely adds attribution to refer

6  back to the source of the profile data so aggregated.  HiringSolved and Mr. Burton deny the

7  implication that HiringSolved's attribution of content to the source of profile data was in any

8  way nefarious or improper.  HiringSolved's decision to identify the sources of the aggregated

9  profile data, along with direct links to the sources, is a feature, not a bug.  Like most search

10  engines, HiringSolved is not trying to pass off information collected from elsewhere as its own.

11  Rather, HiringSolved optimizes search across disparate data sources by providing a unified point

12  of reference for candidate data found on multiple sources, while providing users a link to access

13  the complete source information.

14       4.       HiringSolved and Mr. Burton admit that HiringSolved copied data from certain

15  LinkedIn profiles and incorporated that data into the composite profile data on HirngSolved's

16  website, that they did not have express permission from either LinkedIn or its members to do so,

17  and that individuals are not currently able to modify the profile information through the

18  HiringSolved website.  HiringSolved and Mr. Burton deny the remaining allegations contained in

19  paragraph 4.

20       5.       HiringSolved and Mr. Burton admit that at least one version of the LinkedIn User

21  Agreement contains the quoted language, which speaks for itself.  HiringSolved and Mr. Burton

22  deny that they accessed any protected data without authorization or that they circumvented any

23  technological protection barriers.  LinkedIn never banned any of the IP addresses consistently

24  and openly used by HiringSolved (which were in no way hidden or randomized), nor did

25  LinkedIn even ask HiringSolved to cease and desist its data collection activities.  Most LinkedIn

26  member data is publically accessible and available to anyone using a conventional web browser

27  and search engine, such as Google or Bing.  To the extent a LinkedIn member account is

28  required to view certain LinkedIn profile data, that data can be viewed by any LinkedIn member,

1    including new accounts with no profile data filled in and with no connections to other LinkedIn

2    members.  HiringSolved and Mr. Burton deny that they engaged in any improper conduct, or

3    violated any laws, and deny the remaining allegations contained in paragraph 5.

4           6.       HiringSolved and Mr. Burton deny that they engaged in any unlawful conduct and

5    deny that any of their conduct "threatens the LinkedIn platform," and deny that LinkedIn was

6    harmed in any way by their activities.   LinkedIn has many fake member profiles – estimated by

7    some experts to be as high as 10% of total profiles.  Any LinkedIn member profiles created by

8    HiringSolved would essentially be invisible to normal LinkedIn users as the accounts did not

9    attempt to connect with other users, and the profiles would not match search queries because

10   they did not contain profile information.  As such, any profiles created by HiringSolved would

11   not pose a significant "threat" to LinkedIn's platform or degrade the value of LinkedIn's

12   Recruiter product.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to

13   the truth of the remaining allegations contained in paragraph 6 and, therefore, deny them.

14          7.       HiringSolved and Mr. Burton deny LinkedIn's purported commitment to limit

15   third parties access to its members' data in light of the fact that LinkedIn has intentionally

16   implemented several functionalities that expose its members' data to the public (via public sites

17   and services that do not require a LinkedIn account to view) and/or to newly-created accounts

18   with no profile data or member connections.  Moreover, LinkedIn expressly informs its members

19   that their data will be available to third parties crawling the LinkedIn website and that such data

20   will be displayed to the public.  For example, LinkedIn's privacy policy states:

21       LinkedIn offers a "public profile" feature that allows Members to publish portions of
their LinkedIn profile to the public Internet. This public profile will be indexed and

22       displayed through public search engines when someone searches for your name. . . .
Unless you delete them, your profiles on LinkedIn.com and our corresponding app or on

23       SlideShare.net are always viewable on the respective [LinkedIn] Services.

24   (https://www.linkedin.com/legal/privacy-policy, §2.6). HiringSolved and Mr. Burton lack

25   sufficient knowledge to form a belief as to the truth of the remaining allegations contained in

26   paragraph 7 and, therefore, deny them.

27          8.       HiringSolved and Mr. Burton admit that LinkedIn disabled certain member

28   profiles created by HiringSolved.  HiringSolved and Mr. Burton deny that they have engaged in

any unlawful conduct, deny that any of their conduct threatens any harm to LinkedIn, deny that LinkedIn is entitled to any relief, and deny the remaining allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9.      HiringSolved and Mr. Burton admit that LinkedIn has alleged the violation of federal and state statutes and that this Court has jurisdiction over the subject matter of this litigation.

10.      HiringSolved and Mr. Burton admit that venue is proper in this District.

11.      HiringSolved and Mr. Burton admit that they have accessed LinkedIn's website, but deny that they did so without authorization and deny that they engaged in any misconduct. HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 11 and, therefore, deny them.

12.      HiringSolved and Mr. Burton admit that Mr. Burton is HiringSolved's Founder and Chief Executive Officer.  HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 12.

13.      HiringSolved and Mr. Burton admit that HiringSolved rented computers on a well-known cloud computing platform.  HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 13.

14.      HiringSolved and Mr. Burton admit the allegations contained in paragraph 14.

## THE PARTIES

15.      HiringSolved and Mr. Burton admit the allegations of paragraph 15.

16.      HiringSolved and Mr. Burton admit that HiringSolved is a California corporation with offices in Chandler, Arizona.  HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 16.

17.      HiringSolved and Mr. Burton admit that Mr. Burton is an individual and the founder and CEO of HiringSolved.  HiringSolved and Mr. Burton further admit that, prior to founding HiringSolved, he founded and was CEO of Wildcog.  HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 17.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FACTS

### The LinkedIn Professional Network

18.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, deny them.

19.     HiringSolved and Mr. Burton admit that LinkedIn members are able to create, manage, and share their professional identity online, build and engage with their professional network, access shared knowledge and insights, and potentially find business opportunities. HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 19 and, therefore, deny them.

20.     HiringSolved and Mr. Burton admit that LinkedIn members can create individual profiles that serve as their professional profiles, which are accessible, in most cases, by anyone with an Internet connection, including by any other LinkedIn members.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 20 and, therefore, deny them.

21.     HiringSolved and Mr. Burton deny the implied extent of LinkedIn's purported commitment to limit third parties access to its members' data in light of the fact that LinkedIn has intentionally implemented several features and services that place the bulk of its members' data in public view and/or available to newly-created accounts with no profile data or member connections.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 21 and, therefore, deny them.

22.     HiringSolved and Mr. Burton deny that LinkedIn has a copyright in factual data (such as user profile information) contained on its website.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 22 and, therefore, deny them.

23.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, deny them.

**LinkedIn's User Agreement**

24.     HiringSolved and Mr. Burton admit that LinkedIn is available and accessible at no cost to anyone with an Internet connection – including anyone who wants to join and who indicates assent to the terms of LinkedIn's User Agreement and Privacy Policy, which at no time does LinkedIn require the user to read or even access.  Most of the LinkedIn member profile data is publicly available.  HiringSolved and Mr. Burton further admit that a prospective member registers for a LinkedIn account merely by providing a first name, last name, email address, and password and indicating assent to LinkedIn's User Agreement and Privacy Policy.

25.     HiringSolved and Mr. Burton admit that HiringSolved registered many LinkedIn member accounts as part of its data scraping activities.  HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 25.

26.     HiringSolved and Mr. Burton admit that at least one iteration of the LinkedIn User Agreement contains language regarding the license granted to LinkedIn members, the terms of which speak for themselves.  Because paragraph 26 does not specify the date of the LinkedIn User Agreement referenced, HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 26 and, therefore, deny them.

27.     HiringSolved and Mr. Burton admit that at least one iteration of the LinkedIn User Agreement contains the quoted language, the terms of which speak for themselves.

28.     HiringSolved and Mr. Burton admit that at least one iteration of the LinkedIn User Agreement contains the quoted language, the terms of which speak for themselves.  HiringSolved and Mr. Burton deny the remaining allegations contained in paragraph 28.

**LinkedIn's Recruiter Service**

29.     HiringSolved and Mr. Burton admit that LinkedIn offers a service named "LinkedIn Recruiter" and, unlike LinkedIn's free, basic accounts, LinkedIn requires users to pay a monthly fee for their premium access to LinkedIn Recruiter.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 29 and, therefore, deny them.

30.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, deny them.

31.     HiringSolved and Mr. Burton admit corporate recruiters and headhunters are among the purchasers of LinkedIn Recruiter memberships.  HiringSolved and Mr. Burton further admit that, through LinkedIn Recruiter, LinkedIn sells to corporate recruiters, headhunters, and others, the ability to contact any LinkedIn member – regardless of connections – and to send messages in bulk to any or all LinkedIn members.

### LinkedIn's Technological Safeguards and Security Measures to Protect LinkedIn Against Unauthorized Access

32.     HiringSolved and Mr. Burton deny that LinkedIn employs an array of technological safeguards or barriers that prevent data scrapers from accessing LinkedIn's member profile data.  Much of LinkedIn's member profile data is publicly accessible.  Moreover, several companies, services, and tools employ data "scraping" to obtain LinkedIn member profile data.  Additionally, creating a LinkedIn account and using it to view profiles does not constitute unauthorized access.  HiringSolved and Mr. Burton deny that they circumvented any technological barriers to gain unauthorized access to LinkedIn member profile data and deny that they engaged in any wrongdoing.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, deny them.

33.     HiringSolved and Mr. Burton deny that FUSE is an effective technological safeguard or barrier that prevents automated data scrapers from accessing LinkedIn's member profile data.  Much of LinkedIn's member profile data is publicly accessible.  Moreover, several companies, services, and tools employ automated data "scraping" to obtain LinkedIn member profile data.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, deny them.

34.     HiringSolved and Mr. Burton deny that LinkedIn's Sentinel program is an effective technological safeguard or barrier that prevents automated data scrapers from accessing LinkedIn's member profile data.  LinkedIn did not use its Sentinel program – or any other means

1  – to block IP addresses used by HiringSolved. HiringSolved and Mr. Burton lack sufficient

2  knowledge to form a belief as to the truth of the allegations contained in paragraph 34 and,

3  therefore, deny them.

4       35.    HiringSolved and Mr. Burton admit that CAPTCHA fields require users to re-type

5  words or text that appears in obscured, colored type and that such obscured words are typically

6  legible to a real person, but difficult for automated programs or bots to recognize. HiringSolved

7  and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations

8  contained in paragraph 35 and, therefore, deny them.

9       36.    HiringSolved and Mr. Burton admit that robots.txt files are often used to provide

10  a set of suggested instructions to automated technologies crawling websites, but deny that the

11  instructions are anything other than advisory, and deny that the robots.txt file prevents automated

12  bots or webcrawlers from accessing LinkedIn's website. HiringSolved and Mr. Burton further

13  admit that LinkedIn permits some automated webcrawlers, such as Google and Bing, to view its

14  entire website. HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to

15  the truth of the allegations contained in paragraph 36 and, therefore, deny them.

16  **Defendants' Business Model**

17       37.    HiringSolved and Mr. Burton admit that HiringSolved's business relates to online

18  recruiting. HiringSolved is a software product specializing in talent search and data aggregation,

19  and HiringSolved also sells access to its software and search engine index. HiringSolved and

20  Mr. Burton further admit that it has described itself as "a growing database of millions of

21  candidates with revolutionary search tools to let you find talent fast."

22       38.    HiringSolved and Mr. Burton admit that its business model is founded upon

23  scraping data from the Internet, including from the LinkedIn site. HiringSolved and Mr. Burton

24  further admit that HiringSolved has previously stated that it "crawl[s] the web" to obtain and

25  copy information concerning prospective job candidates. HiringSolved searches the Internet and

26  aggregates relevant data to form more complete candidate profiles. HiringSolved and Mr.

27  Burton admit that one of its marketing presentations explains: "Simply put, we're a distributed

28  web crawler that searches the web and combines information about people. Unlike job boards,

1 which require the job-seeker to actively write and post their resume, HiringSolved searches

2 constantly and assembles information like social profiles, contact information, published works,

3 and much more into a live social resume which is updated automatically as a person's social

4 footprint changes."

5       39.    HiringSolved and Mr. Burton admit that HiringSolved's website explains that it

6 "gift wraps" information from LinkedIn's site, along with information aggregated from several

7 other sources, for use in HiringSolved's candidate profiles. HiringSolved and Mr. Burton further

8 admit that HiringSolved's blog states: "Instead of needing to use extremely complex search

9 strings (or even simple searches) on Google, Bing, Yahoo, Monster, CareerBuilder, LinkedIn,

10 etc., HiringSolved analyzes the big data for you and gift wraps it in a neatly formatted profile . .

11 ." HiringSolved and Mr. Burton admit that this enhanced search capability and the combination

12 of data from multiple sources are some of the reasons customers use HiringSolved.

13       40.    HiringSolved and Mr. Burton admit that it has acknowledged in various places,

14 including in its marketing materials, that LinkedIn is one of the sources from which

15 HiringSolved obtains its candidate data. HiringSolved and Mr. Burton admit that the image

16 included in paragraph 40 appears to be from HiringSolved's website.

17       41.    HiringSolved and Mr. Burton deny that "aggregat[ing] profiles" from LinkedIn, in

18 this context, is synonymous with copying and extracting data from LinkedIn member profiles.

19 Rather, "aggregat[ing] profiles" in this context is synonymous with obtaining data from multiple

20 sources, which may include data from LinkedIn member profiles, and combining that data to

21 create a more complete candidate profile.

22       42.    HiringSolved and Mr. Burton admit that certain candidates' profiles on

23 HiringSolved's website include explicit references, and direct links, to their LinkedIn profiles.

24 The role of a data aggregator is to combine and correlate data from multiple sources,

25 transforming data from disparate sources into a more complete picture than any single source.

26 HiringSolved does not attempt to hide or remove references to source data. Rather, by design,

27 HiringSolved fully attributes the data to its source and provides an exact source URL, thereby

28 giving the original website credit for the data and driving traffic to that original source.

1   HiringSolved and Mr. Burton deny that their conduct was in any way "brazen," and deny the

2   implication that they engaged in any wrongdoing.

3         43.     HiringSolved and Mr. Burton admit that they did not obtain express permission

4   from LinkedIn or its members to copy profile data from LinkedIn, and further admit that

5   individuals are currently unable to edit their information as it appears on HiringSolved's website.

6   HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the

7   remaining allegations contained in paragraph 43 and, therefore, deny them.

8         44.     HiringSolved and Mr. Burton admit that certain candidates' profiles on

9   HiringSolved's website include explicit references, and direct links, to their LinkedIn profiles.

10   The role of a data aggregator is to combine and correlate data from multiple sources,

11   transforming data from disparate sources into a more complete picture than any single source.

12   HiringSolved does not attempt to hide or remove references to source data.  Rather, by design,

13   HiringSolved fully attributes the data to its source and provides an exact source URL, thereby

14   giving the original website credit for the data and driving traffic to that original source.

15   HiringSolved and Mr. Burton deny the implication that they engaged in any wrongdoing.

16         45.     HiringSolved and Mr. Burton admit that HiringSolved is a premium service, and

17   users pay a monthly fee for access to HiringSolved's services, including its data aggregation and

18   search functionality.  HiringSolved's services include access to data from multiple sources – not

19   just LinkedIn – and, accordingly, HiringSolved and Mr. Burton deny that its customers pay rates

20   ranging from $199 to $799 per month only for access to data from LinkedIn.

21                       **Defendants' Data Scraping Activities**

22         46.     HiringSolved and Mr. Burton deny that they knowingly or intentionally

23   circumvented FUSE, Sentinel, the UCV system, the robots.txt protocol, or any other LinkedIn

24   security measures in order to engage in data scraping activities.

25         47.     HiringSolved and Mr. Burton admit that, in or around May 2013, HiringSolved

26   created thousands of member accounts with made up names and contact information in order to

27   access and scrape data from many LinkedIn member profiles.

28

48.     HiringSolved and Mr. Burton admit that at least one iteration of LinkedIn's User agreement contains the quoted language, the terms of which speak for themselves.  HiringSolved and Mr. Burton deny that they knowingly violated any access or use restrictions or engaged in any unlawful conduct.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 48 and, therefore, deny them.

49.     HiringSolved and Mr. Burton admit that, in or around May 2013, HiringSolved created thousands of new member accounts and that certain automated processes were used in connection with such account creation.  HiringSolved and Mr. Burton further admit that HiringSolved used the created LinkedIn member accounts to view hundreds of thousands of member profiles per day.  HiringSolved and Mr. Burton deny that they circumvented FUSE, or any other technological methods purportedly employed by LinkedIn to prevent data scraping.

50.     HiringSolved and Mr. Burton admit that, in or around May 2013, HiringSolved created thousands of new member accounts and that certain automated processes were used in connection with account creation.  HiringSolved and Mr. Burton deny that they circumvented or bypassed any technological methods purportedly employed by LinkedIn to prevent data scraping.

51.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 51 and, therefore, deny them.

52.     HiringSolved and Mr. Burton admit that LinkedIn disabled accounts created by HIringSolved.  HiringSolved and Mr. Burton deny that they accessed LinkedIn's website without authorization.  Because any internet user can still create a free LinkedIn account with the minimum amount of information allowed (a name, email address, and password), it does not appear that LinkedIn implemented any additional technological safeguards to protect against such conduct.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 52 and, therefore, deny them.

53.     HiringSolved and Mr. Burton admit that HiringSolved rented computers from a well-known cloud computing platform, ran HiringSolved's computer programs and applications on such computers, and used them to access LinkedIn's website and copy data therefrom.  HiringSolved and Mr. Burton further admit that the well-known cloud computing platform

1  provided resizable computing capacity, which allows users to quickly scale capacity, both up and

2  down, and that users of this platform may temporarily run hundreds or thousands of virtual

3  computing machines.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as

4  to the truth of the remaining allegations contained in paragraph 53 and, therefore, deny them.

5  54.   HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the

6  truth of the allegations contained in paragraph 54 and, therefore, deny them.

7  **HiringSolved Founder and CEO Shon Burton's**
   **Active Participation in and Control of Defendants' Activities**

8

9  55.   HiringSolved and Mr. Burton admit that Mr. Burton is HiringSolved's Founder

10  and Chief Executive Officer.  HiringSolved and Mr. Burton deny that they participated in any

11  unlawful activities and deny the remaining allegations contained in paragraph 55.

12  56.   HiringSolved and Mr. Burton admit that Mr. Burton made the statements quoted

13  in paragraph 56, which speak for themselves.  HiringSolved and Mr. Burton deny the remaining

14  allegations contained in paragraph 56.

15  57.   HiringSolved and Mr. Burton admit that Mr. Burton has been personally involved

16  in (a) HiringSolved's scraping of LinkedIn member data from the LinkedIn site; (b) the

17  development of HiringSolved's business model and technological systems employed by

18  HiringSolved in the scraping of data from the LinkedIn site; (c) the solicitation of financial

19  support for the HiringSolved service; and (d) the widespread promotion of HiringSolved's

20  service through statements to the press and others.  HiringSolved and Mr. Burton admit that Mr.

21  Burton has personally supervised, and has a direct personal financial interest, in HiringSolved's

22  activities.  HiringSolved and Mr. Burton deny that they engaged in any unlawful activities and

23  deny the remaining allegations contained in paragraph 57.

24  **Allegations that Defendants Have Caused and**
   **Threaten Ongoing Irreparable Injury to LinkedIn**

25

26  58.   HiringSolved and Mr. Burton deny that HiringSolved's data scraping activities

27  have caused, or continue to cause, any harm to LinkedIn.

28

59.     HiringSolved and Mr. Burton deny that LinkedIn will suffer any ongoing or irreparable harm to the value of its consumer goodwill and trust as a result of HiringSolved or Mr. Burton's conduct. HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 59 and, therefore, deny them.

60.     HiringSolved and Mr. Burton deny that the member profiles created by HiringSolved significantly disrupt or degrade LinkedIn's site or services by reducing the accuracy and integrity of the information the site contains, and deny the remaining allegations in paragraph 60. Any and all accounts created by HiringSolved were not created with the intent to deceive LinkedIn members and, as such, were populated with the minimum amount of information necessary to create an account: a name, email address and password. These sparsely populated accounts would not be seen by most users because they did not contain enough information to match most search queries and because the accounts did not attempt to connect with other LinkedIn members. Additionally, LinkedIn claimed in paragraph 8 of its First Amended Complaint that it "responded swiftly to Defendants' activities, including promptly disabling the fake member profiles." Accordingly, HiringSolved and Mr. Burton deny the allegations contained in paragraph 60.

61.     HiringSolved and Mr. Burton deny that the member profiles created by HiringSolved significantly impair LinkedIn members' ability to identify valid professional contacts. To the extent LinkedIn members see that an unknown user with virtually no profile information viewed their profile, it is unlikely that the members would be confused or misled to their detriment. HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 61 and, therefore, deny them.

62.     HiringSolved and Mr. Burton deny that their conduct in any way threatens ongoing or irreparable harm to the integrity of the LinkedIn platform or to LinkedIn's reputation and accordingly deny the allegations contained in paragraph 62.

63.     HiringSolved and Mr. Burton deny that they "pilfered" member data from the LinkedIn site, deny that they engaged in any misconduct, and deny that their conduct threatens to degrade the value of LinkedIn's Recruiter product. HiringSolved and Mr. Burton admit that they

1   have not invested their own resources in LinkedIn's platform.  HiringSolved and Mr. Burton

2   further admit that HiringSolved competes with the services offered by LinkedIn in some sense,

3   but deny that they engaged in data scraping activity to "usurp" LinkedIn's Recruiter product.  On

4   information and belief, LinkedIn's Recruiter product offers two main features: (1) the ability to

5   reach anyone in the LinkedIn network regardless of a connection (or lack thereof), and (2) the

6   ability to contact people on a massive or bulk scale.  While HiringSolved does aggregate profile

7   data from several sources, and such data often includes contact information, HiringSolved does

8   not provide users with a method to contact LinkedIn members via LinkedIn or send bulk

9   messages on LinkedIn.  By collecting and aggregating data from multiple sources, HiringSolved

10  transforms data from disparate sources into a more complete candidate profile than LinkedIn

11  alone, which is valuable to recruiters.  Unlike LinkedIn, however, HiringSolved is not a social

12  network.  Accordingly, HiringSolved and Mr. Burton deny the remaining allegations contained

13  in paragraph 63.

14          64.     HiringSolved and Mr. Burton deny their conduct imposed significant strains on

15  LinkedIn's servers, especially considering that HiringSolved is a small startup with a small

16  infrastructure and small budget that is dwarfed in comparison to LinkedIn, a billion dollar

17  company with a purportedly world-class infrastructure.  Moreover, when the well-known cloud

18  computing platform that was renting servers to HiringSolved asked HiringSolved to slow its

19  crawling, HiringSolved promptly complied, thereby ensuring that it was not imposing undue

20  strain on any crawled servers.

21          65.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the

22  truth of the allegations contained in paragraph 65 and, therefore, deny them.

## FIRST CLAIM FOR RELIEF

### Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.

25          66.     HiringSolved and Mr. Burton reallege and incorporate by reference their

26  responses in all the preceding paragraphs as if fully set forth herein.

27          67.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the

28  truth of the allegations contained in paragraph 67 and, therefore, deny them.

68.     HiringSolved and Mr. Burton deny the allegations in paragraph 68.

69.     HiringSolved and Mr. Burton deny the allegations in paragraph 69.

70.     HiringSolved and Mr. Burton deny the allegations in paragraph 70.

71.     HiringSolved and Mr. Burton deny the allegations in paragraph 71.

72.     HiringSolved and Mr. Burton deny the allegations in paragraph 72.

## SECOND CLAIM FOR RELIEF

**California Comprehensive Computer Access and Fraud Act, Cal. Penal Code § 502 *et seq*.**

73.     HiringSolved and Mr. Burton reallege and incorporate by reference their responses in all the preceding paragraphs as if fully set forth herein.

74.     HiringSolved and Mr. Burton deny the allegations in paragraph 74.

75.     HiringSolved and Mr. Burton deny the allegations in paragraph 75.

76.     HiringSolved and Mr. Burton deny the allegations in paragraph 76.

77.     HiringSolved and Mr. Burton deny the allegations in paragraph 77.

78.     HiringSolved and Mr. Burton deny the allegations in paragraph 78.

79.     HiringSolved and Mr. Burton deny the allegations in paragraph 79.

80.     HiringSolved and Mr. Burton deny the allegations in paragraph 80.

## THIRD CLAIM FOR RELIEF

**Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*.**

81.     HiringSolved and Mr. Burton reallege and incorporate by reference their responses in all the preceding paragraphs as if fully set forth herein.

82.     HiringSolved and Mr. Burton deny the allegations in paragraph 82.

83.     HiringSolved and Mr. Burton deny the allegations in paragraph 83.

84.     HiringSolved and Mr. Burton deny the allegations in paragraph 84.

85.     HiringSolved and Mr. Burton deny the allegations in paragraph 85.

## FOURTH CLAIM FOR RELIEF

**Breach of Contract**

86.     HiringSolved and Mr. Burton reallege and incorporate by reference their responses in all the preceding paragraphs as if fully set forth herein.

87.     HiringSolved and Mr. Burton deny the allegations in paragraph 87.

88.     HiringSolved and Mr. Burton admit that users are presented with the LinkedIn User Agreement and must indicate assent to register a LinkedIn account.

89.     HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 89 and, therefore, deny them.

90.     HiringSolved and Mr. Burton admit that HiringSolved accessed the LinkedIn website and created LinkedIn member accounts in the manner required by LinkedIn at the time the accounts were created.  LinkedIn's account creation process does not require users to view the User Agreement.  HiringSolved and Mr. Burton further admit that HiringSolved used LinkedIn accounts to copy data from LinkedIn's website.  HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 90 and, therefore, deny them.

91.     HiringSolved and Mr. Burton deny the allegations in paragraph 91.

92.     HiringSolved and Mr. Burton deny that they repeatedly accessed the LinkedIn website with knowledge of the User Agreement and all of its prohibitions, which LinkedIn does not require users to access or view during the account creation process or at any time. HiringSolved and Mr. Burton admit that HiringSolved maintained multiple LinkedIn accounts that did not have real names associated with them, and that HiringSolved accessed the LinkedIn website on multiple occasions to copy data.  HiringSolved and Mr. Burton deny the remaining allegations in paragraph 92.

93.     HiringSolved and Mr. Burton deny the allegations in paragraph 93.

94.     HiringSolved and Mr. Burton deny the allegations in paragraph 94.

95.     HiringSolved and Mr. Burton deny the allegations in paragraph 95.

96.     HiringSolved and Mr. Burton deny the allegations in paragraph 96.

## FIFTH CLAIM FOR RELIEF

### Trespass

97.     HiringSolved and Mr. Burton reallege and incorporate by reference their responses in all the preceding paragraphs as if fully set forth herein.

98.     HiringSolved and Mr. Burton deny the allegations in paragraph 98.

99.     HiringSolved and Mr. Burton deny the allegations in paragraph 99.

100.    HiringSolved and Mr. Burton deny the allegations in paragraph 100.

101.    HiringSolved and Mr. Burton deny the allegations in paragraph 101.

102.    HiringSolved and Mr. Burton deny the allegations in paragraph 102.

## SIXTH CLAIM FOR RELIEF

### Trespass

103.    HiringSolved and Mr. Burton reallege and incorporate by reference their responses in all the preceding paragraphs as if fully set forth herein.

104.    HiringSolved and Mr. Burton lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 104 and, therefore, deny them.

105.    HiringSolved and Mr. Burton deny the allegations in paragraph 105.

106.    HiringSolved and Mr. Burton admit that some aspects of HiringSolved compete with some aspects of LinkedIn's website and that HiringSolved has made data from the LinkedIn website, combined with data from several other websites, available to its customers and other third parties.  HiringSolved and Mr. Burton deny the remaining allegations in paragraph 106.

107.    HiringSolved and Mr. Burton deny the allegations in paragraph 107.

108.    HiringSolved and Mr. Burton deny the allegations in paragraph 108.

109.    HiringSolved and Mr. Burton deny the allegations in paragraph 109.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The First Amended Complaint, in whole or in part, is precluded by the doctrines of laches, waiver, and estoppel.

1

**THIRD AFFIRMATIVE DEFENSE**

2          The First Amended Complaint, in whole or in part, is barred by the doctrine of unclean

3    hands.

4

**FOURTH DEFENSE**

5          The First Amended Complaint fails, in whole or in part, because use of LinkedIn's

6    copyrighted materials, if any, constitutes fair use.

7

**FIFTH DEFENSE**

8          The First Amended Complaint fails, in whole or in part, because use of LinkedIn's

9    copyrighted materials, if any, is *de minimis*.

10

**SIXTH DEFENSE**

11          The First Amended Complaint fails, in whole or in part, because the material allegedly

12    copied is not owned by or registered to LinkedIn.

13

**SEVENTH DEFENSE**

14          The First Amended Complaint fails, in whole or in part, because LinkedIn lacks standing

15    to bring any claim premised on copyright.

16

**EIGHTH DEFENSE**

17          The First Amended Complaint fails, in whole or in part, because LinkedIn's User

18    Agreement is unconscionable.

19

**NINTH DEFENSE**

20          The First Amended Complaint fails, in whole or in part, because neither HiringSolved

21    nor Mr. Burton are legally bound by LinkedIn's User Agreement.

22

**TENTH DEFENSE**

23          The First Amended Complaint fails, in whole or in part, because neither HiringSolved

24    nor Mr. Burton are parties to LinkedIn's User Agreement.

25

**ELEVENTH DEFENSE**

26          The First Amended Complaint fails, in whole or in part, because HiringSolved and Mr.

27    Burton did not breach LinkedIn's User Agreement.

28

**TWELFTH DEFENSE**

LinkedIn's claims are barred, in whole or in part, by the Communications Decency Act, 47 U.S.C. § 230(c), because, among other things, HiringSolved is part of an "interactive computer service" and the material made accessible through its service is provided or supplied by third parties.

**THIRTEENTH DEFENSE**

LinkedIn's claims are barred, in whole or in part, by the First Amendment of the U.S. Constitution.

**REQUEST FOR RELIEF**

WHEREFORE, HiringSolved and Mr. Burton respectfully request that the Court dismiss this action with prejudice and award them their costs of action, reasonable attorneys' fees, and such an other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

HiringSolved and Mr. Burton hereby demand a trial by jury on all issues so triable.

Dated: May 16, 2014                              AGILITY IP LAW

                                                  _/s/ David Lansky_____
                                                  Attorneys for Defendants
                                                  _Robocog Inc. d/b/a/ Hiringsolved,_
                                                  _and Shon Burton_