1  JEROME C. ROTH (State Bar No. 159483)
   jerome.roth@mto.com
2  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
3  LAURA K. LIN (State Bar No. 281542)
   laura.lin@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   Attorneys for Plaintiff LinkedIn Corporation
8
   JAMES C. OTTESON, State Bar No. 157781
9  jim@agilityiplaw.com
   BRANDON BAUM, State Bar No. 121318
10 brandon@agilityiplaw.com
   DAVID L. LANSKY, State Bar No. 199952
11 dlansky@agilityiplaw.com
   AGILITY IP LAW, LLP
12 149 Commonwealth Drive
   Menlo Park, CA 94025
13 Telephone: (650) 227-4800
   Facsimile: (650) 318-3483
14
   Attorneys for Defendants
15 Robocog Inc. d/b/a HiringSolved,
   and Shon Burton
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                           SAN JOSE DIVISION

20

| | |
|---|---|
| 21  LINKEDIN CORPORATION, | Case No. C14-00068 (BLF) |
| 22           Plaintiff, | **[PROPOSED] FINAL JUDGMENT ON CONSENT** |
| 23     vs. | Judge:   HON. BETH L. FREEMAN |
| 24  ROBOCOG INC. D/B/A HIRINGSOLVED, AND SHON BURTON, | |
| 25           Defendants. | |

26
27
28

**FINAL JUDGMENT ON CONSENT**

WHEREAS, on January 6, 2014, Plaintiff LinkedIn Corporation ("LinkedIn") initiated the above-captioned lawsuit against unknown Doe defendants;

WHEREAS, on March 27, 2014, LinkedIn filed a First Amended Complaint against Defendants Robocog Inc. d/b/a HiringSolved and Shon Burton (collectively, "Defendants") alleging that Defendants had violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., California Penal Code § 502 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq., and engaged in unlawful acts of breach of contract, trespass, and misappropriation;

WHEREAS, LinkedIn alleged that Defendants employed various automated software programs (often referred to as "bots") to register thousands of fake LinkedIn member accounts, circumvent various technical measures that control access to the LinkedIn site, and extract and copy data from many member profile pages using a process known as data "scraping";

WHEREAS, on May 16, 2014, Defendants filed an Answer admitting that Defendants used various automated software programs to register LinkedIn member accounts and copied data from many LinkedIn member profile pages without permission from either LinkedIn or its members;

WHEREAS, LinkedIn and Defendants (collectively, the "parties") have reached an agreement for resolution of the action, the full terms and conditions of which are set forth in the document entitled "Settlement Agreement," dated July 8, 2014 (the "Settlement Agreement"), and incorporated herein by reference in their entirety;

WHEREAS, all parties are represented by counsel who negotiated the Settlement Agreement and this Final Judgment on Consent; and

THEREFORE, Defendants consent and stipulate to judgment in favor of LinkedIn and authorize the Court to enter judgment granting relief in favor of LinkedIn as follows:

1. Defendants consent to this Court's jurisdiction over them for the purposes of entry and enforcement of this Final Judgment on Consent and enforcement of the Settlement Agreement.

2. Defendants, and all of their officers, directors, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them, ARE HEREBY PERMANENTLY RESTRAINED AND BARRED from:

    a. Circumventing technological measures that control access to the LinkedIn website or any portions thereof, including, but not limited to, measures that: (i) impose a limit on the activity that an individual LinkedIn user may initiate on the LinkedIn website; (ii) monitor and/or block activity associated with particular Internet Protocol ("IP") addresses; (iii) require prospective members to re-type a word or text that appears in obscured, colored type (e.g., CAPTCHA technology); or (iv) provide a set of instructions to any automated technologies visiting the LinkedIn website that prohibit automated programs like those used by Defendants (e.g., a robots.txt file).

    b. Accessing or attempting to access or use LinkedIn's website, computers, computer systems, computer network, computer programs, and data stored therein, without authorization or in excess of authorization as conditioned by the LinkedIn User Agreement, including, but not limited to, the following provisions of the LinkedIn User Agreement: (i) users may not "access the Services . . . through scraping, spidering, crawling or other technology or software used to access data without the express written consent of LinkedIn or its Members"; (ii) users may not "[u]se manual or automated software, devices, scripts robots, other means or processes to access, 'scrape,' 'crawl' or 'spider' any web pages or other services contained in the site"; (iii) users may not "[d]uplicate, license, sublicense, publish, broadcast, transmit, distribute, perform, display, sell, rebrand, or otherwise transfer information found on LinkedIn (excluding content posted by you) except as permitted in this Agreement, LinkedIn's developer terms and policies, or as expressly authorized by LinkedIn"; (iv) users may not "[c]ollect, use, copy, or transfer any information, including, but not limited to, personally identifiable information obtained from LinkedIn except as expressly permitted in this Agreement or as the owner of such information may expressly permit"; (v) users "will only maintain one LinkedIn account at any given time"; and (vi) users "will use [their] real name[s] and only provide accurate information to LinkedIn."

   c.  Accessing or using the LinkedIn website for any commercial purpose whatsoever, including but not limited to copying or extracting data from the LinkedIn website for use in a commercial service or offering.  This provision does not prohibit Defendant Shon Burton or employees of Defendants from maintaining their own LinkedIn member profile pages for personal and/or professional use, nor does it prohibit Defendant HiringSolved from maintaining a company profile page on LinkedIn.

   d.  Marketing, advertising, or otherwise making any statements or representations to anyone regarding the inclusion or availability of LinkedIn member profile page data on Defendants' websites or through Defendants' services.

  3.  Defendants shall destroy all LinkedIn member profile page data, whether stored in electronic form or otherwise, in their possession, custody, or control within 30 days of the date of the entry of the Final Judgment on Consent.

  4.  Defendants shall pay an award of monetary relief in favor of LinkedIn in the total amount of $40,000.

  5.  Violation of this Final Judgment on Consent shall expose Defendants and all other persons bound by this Final Judgment on Consent to all applicable penalties, including contempt of Court.

  6.  All claims and defenses in this action are hereby resolved by this Final Judgment on Consent.  This Final Judgment on Consent is final and may not be appealed by any party.

  7.  This Final Judgment on Consent does not alter or supersede the obligations of any parties pursuant to the Settlement Agreement.

  8.  This Court shall retain continuing jurisdiction over the parties and the action for purposes of enforcing this Final Judgment on Consent and/or enforcing the Parties' Settlement Agreement.

  *//*

**IT IS SO AGREED AND STIPULATED.**

DATED: July 11, 2014                     MUNGER, TOLLES & OLSON LLP
                                                                                  JEROME C. ROTH
                                                                                  JONATHAN H. BLAVIN
                                                                                  LAURA K. LIN

                                                  By:  */s/ Jonathan H. Blavin*
                                                            JONATHAN H. BLAVIN
                                                           Attorneys for LinkedIn Corporation

DATED: July 11, 2014                     AGILITY IP LAW, LLP
                                                                                   JAMES C. OTTESON
                                                                                   BRANDON BAUM
                                                                                   DAVID L. LANSKY

                                                  By:  */s/ David L. Lansky*
                                                            DAVID L. LANSKY
                                                           Attorneys for Robocog Inc. d/b/a HiringSolved, and Shon Burton

**FINAL JUDGMENT**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED:  July ___, 2014                                  _____
                                                         HONORABLE BETH L. FREEMAN

**FILER'S ATTESTATION**

I, Jonathan H. Blavin, am the ECF user whose identification and password are being used to file the [PROPOSED] FINAL JUDGMENT ON CONSENT.  In compliance with General Order 45.X.B, I hereby attest that David L. Lansky concurs in this filing.

DATED:  July 11, 2014            By:   */s/ Jonathan H. Blavin*
                                       JONATHAN H. BLAVIN